UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------X
VICKI SCHAFFER on behalf of herself and : 
all others similarly situated, : Civil Action No.: 04-71391
 :
        Plaintiff, : Hon. John Corbett O'Meara
 :
v. : Magistrate Judge Pepe
 :
HEWLETT-PACKARD COMPANY, :
 :
        Defendant. :
---------------------------------------------------------------X

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
SETTLEMENT, GRANTING LEAVE TO FILE AMENDED COMPLAINT,
CONDITIONALLY CERTIFYING SETTLEMENT CLASS,
APPROVING OF NOTICE OF PENDENCY AND SETTLEMENT
<u>OF CLASS ACTION, AND SCHEDULING FAIRNESS HEARING</u>**

Upon review and consideration of the Stipulation of Settlement dated October 5, 2005, and the attachments thereto which have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Counsel have advised the Court that the parties have agreed, subject to final approval by this Court following notice to the Settlement Class (as described in Paragraph 5, below) and a Settlement Hearing, to settle this Action and related actions upon the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation of Settlement"), which has been filed with the Court.

2. The Court has reviewed the Stipulation of Settlement, as well as the files, records, and proceedings to date in this matter. The definitions in the Stipulation of Settlement are

hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Stipulation of Settlement.

3. Based upon preliminary examination, it tentatively appears to the Court that the Stipulation of Settlement is fair, reasonable, and adequate, that the Class should be certified for settlement purposes, subject to Paragraph 14, below, and that a Fairness Hearing should be held after notice to the Class to determine whether the Stipulation of Settlement is fair, reasonable, and adequate, and whether a Final Order and Judgment should be entered in this action, based upon that Stipulation of Settlement.

4. The Stipulation of Settlement, including all exhibits thereto, is tentatively approved as fair, reasonable, and adequate. The Court finds that: (a) the Stipulation of Settlement resulted from extensive arm's length negotiations; and (b) the Stipulation of Settlement is sufficient to warrant notice thereof to members of the Settlement Class and the Fairness Hearing described below.

5. The Court grants leave to file the Amended Complaint attached to Plaintiff's Motion for Preliminary Approval as Exhibit 2.

6. The Court conditionally certifies, for settlement purposes only, a class (the "Class") consisting of:

> All end-user purchasers who purchased one of the following models of HP Pavilion desktop personal computers: 8655c, 8660c, 8750c, 8754c, 8755c, xl756 or xl759. Excluded from the Class are all persons who are employees, directors, officers and agents of HP or its subsidiaries and affiliated companies, as well as the Judges of the Courts in which the Complaints are pending.

In connection with the conditional certification, the Court makes the following preliminary findings pursuant to Rule 23 of the Federal Rules of Civil Procedure:

(a) The Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the above-described Class;

(c) The claims of the named plaintiff is typical of the claims being resolved through the proposed Settlement;

(d) The named plaintiff is capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement;

(e) For purposes of determining whether the Settlement is fair, adequate, and reasonable, common questions of law and fact predominate over questions affecting only individual Class members. Accordingly, the Class is sufficiently cohesive to warrant adjudication through settlement by representation; and

(f) For purposes of Settlement, a settlement with the above-described Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

In making the foregoing findings, the Court has exercised its discretion in conditionally certifying the Settlement Class.

Named plaintiff Vicki Schaffer is designated the Class Representative.

7. The Court appoints Elwood S. Simon & Associates, P.C.; Mehri & Skalet, PLLC; Cuneo, Gilbert & LaDuca, L.L.P.; Sheller Ludwig & Badey, P.C.; Gergosian & Gralewski LLP.; Carey & Danis, L.L.C.; Gustafson Gluek, PLLC; The Mason Law Firm, P.C.; and Robbins, Umeda & Fink, LLP as counsel for the Class. For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel. Mehri & Skalet, PLLC shall act as Lead Counsel for the

Class.

      8.     A final approval hearing (the "Fairness Hearing") shall be held before this Court on March 16, 2006 at 2:00 p.m. to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should be approved.  The Court shall also rule on Class Counsel's Application for an Award of Fees and Reimbursement of Costs and Expenses (the "Fee Application").  Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 13, below.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.  After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of the Class members with respect to the claims being settled.

      9.     On or before November 30, 2005, Defendant shall cause a Notice of Pendency of Class Action and Proposed Settlement ("Notice") to be e-mailed to the last known email addresses of Settlement Class members to the extent such address information exists in Defendant's databases.  Within five (5) business days after the first mailing, Defendant shall cause an identical mailing to be e-mailed to the same e-mail address list.  Defendant shall cause a Notice to be sent to the last known mailing address of any Class member for whom an e-mail "bounce back" is received and any Class Member for whom Defendant does not have an e-mail address, to the extent such mailing address information exists in Defendant's databases. The Notice shall be substantially in the form attached as Exhibit C to the Stipulation of Settlement.  In addition, on or before December 27, 2005, the Settlement Administrator will arrange for the

4

publication of a Summary Notice substantially in the form of Exhibit G to the Stipulation of Settlement on one occasion in the following publications: PC Magazine and USA Today. Finally, the Parties will post a copy of the Notice on a website to be maintained by the Settlement Administrator and links to the settlement website on websites to be agreed upon by the parties, in accordance with paragraph 6(e) of the Stipulation of Settlement. The settlement website shall be accessible on or before the mailing described in this Paragraph and shall remain accessible until the expiration of the claims period.

10. The Court finds that the Notice and Summary Notice and the manner of their dissemination described in Paragraph 8 is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Class of the pendency of this action and their right to object to or exclude themselves from the Class. The Court further finds that the Notice and Summary Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process. Finally, the Court finds that Class members will have until May 1, 2006 to submit their proofs of claim, which is due, adequate, and sufficient time.

11. Each Class member who wishes to be excluded from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form and to the address specified in the Notice and postmarked no later than midnight on February 10, 2006. All persons or entities who properly make a request for exclusion from the Class shall not be Class members and shall have no rights with respect to the Stipulation of Settlement, should it be approved. The names of all such

excluded individuals shall be attached as an exhibit to any Final Order and Judgment.

12. Any Class member who has not timely submitted a written request for exclusion from the Class, and thus is a Class member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee Application, or both.  Class members may do so either on their own or through counsel hired at their expense.  Any Class member who wishes to object to the Stipulation of Settlement or the Fee Application must, on or before February 10, 2006, file an objection with the Clerk of the Court for the Federal District Court for the Eastern District of Michigan. The objection must contain the following:  (i) a notice of the objector's intention to appear at the Fairness Hearing; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Class Member; (v) any legal authorities that the objector wishes the Court to consider; (vi) a list of documents and things the objector may offer as evidence or exhibits; and (vii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness' expected testimony.  On or before that same date, any such objecting Class members shall serve a copy of such papers by first class mail on:

        For the Class:

        Cyrus Mehri
        MEHRI & SKALET, PLLC
        1300 19th Street, NW, Suite 400
        Washington, D.C.   20036

        -or-

        John P. Zuccarini
        ELWOOD S. SIMON & ASSOC. P.C.
        355 S. Old Woodward Ave., Suite 250
        Birmingham, MI 48009

        For Defendant:

        Michael J. Holston
        MORGAN LEWIS & BOCKIUS
        1701 Market St
        Philadelphia, PA 19103

13. Any responses to objections to the Stipulation of Settlement or the Fee Application, and any further papers in support of the Fee Application, shall be filed with the Court on or about February 28, 2006.

14. In summary, the dates of performance are as follows:

   (a) The Notice shall be mailed to potential Class members by no later than December 15, 2005, and then published upon completion of mailing, as set forth in Paragraph 8, above;

   (b) Class members who desire to be excluded shall mail requests for exclusion postmarked no later than midnight on February 10, 2006.

   (c) All objections to the Stipulation of Settlement or Fee Application shall be filed and served by February 10, 2006.

   (d) Papers in response to objections, if any, and in further support of the Fee Application shall be filed and served on or about February 28, 2006; and

   (e) The Fairness Hearing shall be held on March 16, 2006, at 2:00 p.m.

15. In the event the Stipulation of Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason,

then the following shall apply:

    (a)    All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

    (b)    The conditional certification of the Class pursuant to this Order shall be vacated automatically, the Action shall proceed as though the Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made, and the Action shall return to the procedural status quo before entry of a Preliminary Approval order. The Amended Complaint shall also be deemed withdrawn and all other actions referred to in Exhibit A to the Stipulation of Settlement shall be restored to the active docket.

    (c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiff on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

    (d)    Nothing in this Order or pertaining to the Stipulation of Settlement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of this case as a class action; and

    (e)    All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

16.    Pending final determination of whether the proposed Settlement should be approved, no Class member directly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims.

17.    The firm of Rust Consulting is hereby appointed as Claims Administrator for this Settlement and shall perform all of the duties set forth in the Stipulation of Settlement.

18. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including, making, without further approval of the Court, minor changes to the content of the Notice and other exhibits that they jointly agree are reasonable or necessary.

DONE this 26th day of October, 2005.

                      s/John Corbett O'Meara
                      John Corbett O'Meara
                      United States District Judge

Dated: November 10, 2005