UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------X
VICKI SCHAFFER, DENNIS W. GREGORY, :
WILLIAM CARTER BYRNES, :
ROXANNA PRICE, SHARON WAGNER, :
and RUBY GIGLOTTO on behalf of themselves : Civil Action No.: 04-71391
and all others similarly situated, :
                                                    : Hon. John Corbett O'Meara
                Plaintiffs, :
                                                    : Magistrate Judge Pepe
v. :
                                                    :
HEWLETT-PACKARD COMPANY, :
                Defendant. :
---------------------------------------------------------------X

**FINAL JUDGMENT AND ORDER**

On the ____16th_____ day of ___March_____, 2006,

A fairness hearing having been conducted on March 16, 2006 by the Court to determine (1) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of October 5, 2005 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Plaintiffs and Settlement Class Members against the Defendant in the Complaint now pending in this Court under the above caption (the "Litigation"), including whether the release of the Released Claims as to the Released Parties should be approved; (2) whether a judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of the Defendant and as against all persons or entities who are Settlement Class Members herein who have not requested exclusion therefrom; and (3) whether and in what amount to award counsel for the Settlement Class fees and reimbursement of expenses;

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that Notice substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the computer models at issue during the Settlement Class Period, as shown by the records of Defendant at the addresses set forth in such records; and that a Summary Notice of the hearing substantially in the form approved by the Court was published in the national edition of USA Today on December 21, 2005 and in the January 17, 2006 edition of PC Magazine, and posted on the Internet pursuant to the specifications of the Court; and

The Court having considered and determined that the proposed settlement of the claims of the Settlement Class Members against the Defendant and the Released Parties, and the award of attorneys' fees and expenses requested, is fair and reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Stipulation, including the definitions contained therein, is incorporated by reference in this Final Judgment.

2. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, all Settlement Class Members, and the Defendant. A hearing was held in this matter on October 26, 2005, after which the Court preliminarily approved the proposed settlement, conditionally certified the Class, approved the Notice program, and designated Class Counsel.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs

are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.	Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action as a class action on behalf of all persons or entities all persons in the United States who purchased HP Pavilion PC model numbers 8660c, 8655c, 8750c, 8755c, 8754c, xl756, and xl759 during the period 2000 to the present. Excluded from the Settlement Class are the Defendant; the employees, officers, directors and agents of the Defendant or its subsidiaries and affiliated companies; and those members of the Settlement Class that timely and validly exclude themselves from the Settlement Class, which persons are listed on Exhibit 1 hereto. Named Plaintiffs Vicki Schaffer, Dennis W. Gregory, William Carter Byrnes, Roxanna Price, Sharon Wagner, and Ruby Giglotto are designated the Class Representatives.

5.	The Court appoints Elwood S. Simon & Associates, P.C.; Mehri & Skalet, PLLC; Cuneo, Gilbert & LaDuca, L.L.P.; Sheller Ludwig & Badey, P.C.; Gergosian & Gralewski LLP; Carey & Danis, L.L.C.; Gustafson Gluek, PLLC; The Mason Law Firm, P.C.; and Robbins, Umeda & Fink, LLP as counsel for the Class. For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel. Mehri & Skalet, PLLC shall act as Lead Counsel for the Class.

6. Notice of the pendency of this action as a class action and of the proposed settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Stipulation is approved as fair, reasonable and adequate, and the Settlement Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and conditions.

8. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $2,650,000. The Court also awards incentive stipends in the amount of $2,500 to each Class Representative, to be paid out of Class Counsel's fees at the discretion of Class Counsel.

9. The Litigation is hereby dismissed with prejudice and without costs as against any of the Defendant and the Released Parties.

10. Upon the Settlement Effective Date, Plaintiffs, Settlement Class Members, Defendant and the successors and assigns of any of them are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment.

11. Upon the Settlement Effective Date, each of the Defendant and Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from all claims relating to or arising out of or connected with the institution, prosecution, assertion, settlement, or resolution of the Litigation and/or the Released Claims.

12. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

(b) offered by any person or received against the Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant; or

(c) offered by any person or received against the Defendant or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of the Settlement, the Final Judgment, or the Proofs of Claim and Release as to the Defendant, Plaintiffs, or the Settlement Class Members.

13. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Relief, including interest earned thereon; (b) disposition of the Settlement Benefits; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) the Settling Parties for purposes of construing, enforcing and administering the Stipulation.

14. The Court finds that, at all times in connection with the institution, prosecution, defense and resolution of the Litigation, no Settling Party violated the provisions of Fed.R.Civ.P.

11.

15. Without further order of the Court, the settling parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. In the event that the Settlement Effective Date does not occur, this Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

                                                s/John Corbett O'Meara
                                                John Corbett O'Meara
                                                United States District Judge

Dated: March 16, 2006

C:\WPText\0471391.DOC